IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TONY WAYNE ANDERSON, #658252 | § | |
| VS. | § | CIVIL ACTION NO. 6:10cv430 |
| DIRECTOR, TDCJ-CID | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

The above-entitled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was heretofore referred to United States Magistrate Judge John D. Love. The Report and Recommendation ("R&R") of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. The R&R issued on February 21, 2012, and objections were originally due by March 9, 2012. Petitioner filed a motion for an extension of time, which was granted in part and the Petitioner given until March 16, 2012, in which to file his objections. In the Order granting in part the extension of time, the Magistrate Judge included the following admonishment:

> [Petitioner] is admonished that any objections he may file shall be limited to addressing the actual, single issue on which the R&R recommends dismissal, *i.e.*, those points in paragraph IV.B. on the issue of his knowing and voluntary guilty plea, and not on his other claims in general.

*See* docket entry #44. That admonishment was given because the R&R addressed only those grounds for relief that applied to whether Petitioner's guilty plea in the Texas state court was knowing and voluntary. Further, Petitioner has filed hundreds of pages of repetitive documents that already address his other issues. On March 12, 2012, Petitioner did file his objections. Despite the explicit

1

admonishment quoted above, much of Petitioner's objections address Grounds One, Two, Three, Four, Six and those portions of Grounds Five and Seven that do not apply to the "knowing and voluntary" analysis with regard to his guilty plea.

Having made a *de novo* review of the objections raised by Petitioner to the issues analyzed in the R&R, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit.

As the Magistrate Judge observed, Petitioner entered a plea of guilty in the state trial proceedings. If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review. *Deville v. Whitley*, 21 F.3d 654, 656 (5th Cir. 1994). A voluntary guilty plea waives all non-jurisdictional defects in the proceedings below except claims of ineffective assistance of counsel relating to the voluntariness of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

In this case, Petitioner contends that a jurisdictional defect existed in the trial court, namely, that the indictment had been "illegally amended," and that his conviction and sentence were illegal because they arise out of the same crime that had already been dismissed from that indictment. Petition at PageID #8 (Grounds One and Two). He re-urges these arguments in his objections. *See* Objections at 5-6 (PageID # 2766-67). For example, he objects that "The District Attorney did not file motion for leave to amend, nor did he send [the indictment] back to the grand jury to have it legally amended." Objections at 5 (PagID #2767). However, as the Magistrate Judge observed and quoted at length in the R&R, Petitioner waived his right to proceeding under an indictment in favor

of proceeding under an information. Petitioner specifically executed a Waiver of Indictment, in which he, "accused of the non-capital felony offense of MURDER, and represented by his attorney and having been advised of the charge against him and his right not to be tried in this case except on the indictment of a Grand Jury, hereby in Open Court and in writing voluntarily and knowingly waives his right to be prosecuted by a Grand Jury indictment and announces his election and consent to be charged by information." *See* R&R at 11; *see also* R&R at 14, 16 (noting waiver of indictment). Clearly, Petitioner waived the indictment of which he now complains. Moreover, Petitioner's right to an indictment by a grand jury only existed prior to his entry of his guilty plea and, even if there had been no waiver of indictment, the use of a bill of information is a nonjurisdictional defect that cannot be raised on habeas proceedings. *See United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008). Furthermore, in a federal court, "habeas corpus can be invoked with respect to indictments only where they are 'so fatally defective' that under no circumstances could a valid conviction result from facts provable under the indictment." *See Johnson v. Estelle*, 704 F.2d 232, 236 (5th Cir.), *reh'g denied*, 711 F.2d 1054 (5th Cir. 1983), *and cert. denied*, 465 U.S. 1009, 104 S. Ct. 1006, 79 L. Ed. 2d 237 (1984) (citing *Johnson v. Beto*, 383 F.2d 197, 198 (5th Cir.), *cert. denied*, 393 U.S. 868, 89 S. Ct. 153, 21 L. Ed. 2d 136, *and reh'g denied*, 393 U.S. 992, 89 S. Ct. 455, 21 L. Ed. 2d 458 (1968)). Petitioner has made no such showing here. Therefore, his claims of a "jurisdictional defect" are without merit.

The only remaining issues are those that directly address the knowing and voluntary nature of Petitioner's plea agreement, his claims that his trial counsel did not provide him with "reasonably competent advice" as to his plea of guilty. *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980). These include that counsel used "fear, threats and erroneous advice" and also

used "false and altered records" to obtain his guilty plea; that the trial court "switched" his trial counsel, providing him with an "incompetent attorney"; that the trial judge and prosecutor and, separately, his trial counsel withheld various forms of "exculpatory evidence"; that the trial judge and prosecutor would not allow his witnesses to testify and required him to admit guilt prior to sentencing; Petitioner claims to have "newly discovered evidence" in the form of a psychiatric report; that trial counsel omitted "facts of law" about certain defenses that Petitioner claims are "automatic justifications" for his criminal charge; and that trial counsel advised him that a jury would find him guilty of the charges against him if he proceeded to trial. The Magistrate Judge addressed each of these claims, finding them either groundless on their merits, conclusory and without support, or irrelevant. *See* R&R at 13-18. He also recommended that Petitioner's outstanding "Motion for Summary Judgment on the Pleadings" (docket entry #32), which was apparently filed to rebut the Director's Answer, be denied for the same reasons stated in the R&R.

Petitioner has presented a new "unsworn affidavit" attached to his objections (*see* PageID #2787-92), which purports to substantiate what both he and his brother[1] were told by their respective trial counsels and the Assistant United States Attorney that was involved in the case for a time. He claims to have "personal knowledge" of the conversations between his brother and his separate counsel. He also restates several of his legal arguments instead of simply making statements of fact personally known to him. Notwithstanding, his affidavit adds nothing to his argument.

His remaining objections fundamentally repeat the arguments raised in his original petition and

---

[1] The Magistrate Judge observed in the R&R that both Petitioner and his brother, Terry Weldon Anderson, who is proceeding in his own habeas case, *Terry Weldon Anderson v. Director, TDCJ-CID*, No. 6:10cv420, have made identical claims of what their respective (and separate) attorneys told them, down to every detail of their ineffective assistance of counsel grounds.

supporting memoranda, responses and other documents. He does add a number of statements that are not strictly legal argument, along the lines of, for example, "Also let me say had the court appointed attorney told me that the D.A. doesnt need a complaint attatched to the information when a person waives right to INDICTMENT petitioner would not have plead guilty . . . ." *See* Objections at 7 (PageID #2768) (as in original). Even accepting such statements that properly belong in a declaration or affidavit, the fact is that Petitioner did plead guilty to an information made no objection or protest as to its form. Claims of this nature now, nearly nineteen years later, are ineffective. He also has attached a letter he purportedly wrote to the trial judge, Judge Kent, in his case on October 5, 1993, complaining that the district attorney and his then-appointed counsel were being untruthful with him. *See* Objections at 7 (pageID #2768) & attachment (PageID #2785-86). He states that he sent this letter nine days before he pleaded guilty and argues that it shows his plea was involuntary. Objections at 7. However, he has presented this letter several times to the state courts on direct appeal and on state habeas application and to this Court on federal habeas petition. The fact is that he entered into his guilty plea nine days after this communication, before the same judge and without objection.

Petitioner has raised nothing new in his objections showing that he did not knowingly and voluntarily enter into his guilty plea. Therefore, Petitioner's objections are without merit and are overruled. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and adopts same as the findings and conclusions of the Court.

As the Magistrate Judge found, Petitioner has not shown that the state court proceedings of which he complains resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light

of the evidence presented.  *See Riddle v. Cockrell*, 288 F.3d 713, 716 (5th Cir.), *cert. denied* 537 U.S. 953, 123 S. Ct. 420, 154 L. Ed. 2d 300 (2002); 28 U.S.C. § 2254(d).  It is accordingly

**ORDERED** that Petitioner's Objections (docket entry #45) are hereby **OVERRULED**.  It is further

**ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254  is **DENIED** and the case is **DISMISSED WITH PREJUDICE**.  It is further

**ORDERED** that a certificate of appealability is **DENIED**.  It is finally

**ORDERED** that any remaining motions by either party not previously ruled on, including specifically but not limited to Petitioner's "Motion for Summary Judgment on the Pleadings" (docket entry #32), are hereby **DENIED**.

**So ORDERED and SIGNED this 19th day of March, 2012.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**